IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOHN G. WESTINE, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action |
| | ) No. 04-3458-CV-S-RED-H |
| | ) |
| ROBERT McFADDEN, Warden, et al., | ) |
| | ) |
| Respondents. | ) |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because this Court lacks jurisdiction of petitioner's claims and because petitioner has not exhausted administrative remedies, it will be recommended that leave to proceed in forma pauperis be denied.

As grounds for relief in habeas corpus, petitioner contends that he is subject to an illegal detainer at the Medical Center because this sentence was completed; that he was never on probation, so he could not violate probation to incur a sentence; and the Bureau of Prisons and U.S. Attorney agree that he is actually innocent of violating probation.

Petitioner contends that a six-year probation violation sentence detainer is illegal because he never violated probation. According to respondents, petitioner has been advised that the detainer has been removed, but that the six year probation violation sentence has been added as a consecutive sentence to his 256-month term of imprisonment. Respondents emphasize that petitioner has repeatedly challenged

the underlying 1990 sentence, and that his petitions have been denied by the Ninth Circuit.

To the extent that petitioner continues to challenge the 1990 sentence, he must do so in the sentencing court pursuant to 28 U.S.C. § 2255, unless it appears that the motion is inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977). A petitioner has the burden, moreover, of showing that the "inadequate or ineffective" test has been met. Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam). There has been no such showing in this case, regardless of petitioner's claim that he is caught in a Catch-22-type situation between the sentencing court and confining court. The issues he raises regarding his 1990 sentence are cognizable, if at all, in the sentencing court, and it is clear that this Court lacks jurisdiction of petitioner's claims. Accordingly, it must be recommended that the petition be dismissed without prejudice.

Additionally, respondents contend that petitioner has not exhausted his administrative remedies with the BOP concerning all of the issues in his petition. A review of the record indicates that petitioner filed a request for administrative relief on the issue of the illegality of detainer lodged against him, and that he has not fully exhausted that issue. The law requires that an inmate fully exhaust the administrative remedy procedure before the court can properly consider the merits of a habeas petition. Respondents contend that exhaustion will allow the BOP to fully develop the record regarding the specific facts concerning petitioner's allegations, and requests that the petition be dismissed under 42 U.S.C. § 1997e(a).

Based on the foregoing, the Court finds that to the extent petitioner continues to challenge his 1990 sentence, the issue is not properly before this Court. To the extent that he continues to challenge the detainer, that issue has not been fully exhausted.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the petition herein for writ of habeas corpus be dismissed without prejudice.

/s/ James C. England  
JAMES C. ENGLAND  
United States Magistrate

Date: 2/28/05